UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   5:24-cv-02449-MWF-KS | Date: February 4, 2025 |
| Title   *Nelson H. Romero v. San Bernardino County* | |

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On November 15, 2024, Plaintiff Nelson Romero, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint") under 42 U.S.C. § 1983 alleging constitutional violations arising out of his October 17, 2024 vehicle search and arrest. (Dkt. No. 1.) Plaintiff sues San Bernardino County ("County") in its official capacity. (*Id.* at 3.)

For the following reasons, the Court orders Plaintiff to show cause, no later than thirty (30) days from the date of this Order, why the Court should not recommend that this matter be dismissed.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). A court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-02449-MWF-KS                                                Date: February 4, 2025

Title  *Nelson H. Romero v. San Bernardino County*

    In considering whether a complaint is subject to dismissal under Rule 12(b)(6), the court must determine if the plaintiff's allegations "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation omitted).  The plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal quotation omitted).  Indeed, the United States Supreme Court has emphasized that to avoid dismissal, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

    When the plaintiff appears *pro se* in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  However, in giving liberal interpretation to a *pro se* complaint, the court may not supply essential elements of a claim that were not initially pled.  *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).  Moreover, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**ALLEGATIONS OF THE COMPLAINT**

    In the Complaint, Plaintiff appears to allege that he was subjected to an illegal traffic stop and vehicle search.  (Dkt. No. 1 at 4.)  Plaintiff alleges that on October 17, 2024, Officer 51323 stopped Plaintiff's vehicle due to a broken window and tinted windows.  (*Id.*)  Officer 51323 "claimed probable cause for search based on an assumption that he knew [Plaintiff's] license was suspended" despite Plaintiff's repeated pleas for the officer to run Plaintiff's name through a search to see that he did have a valid California driver's license.  (*Id.*)  "The search was conducted even when [Plaintiff] did not approve of search and . . . no other probable cause was present." (*Id.*)  "The officer performed the search assuming a suspended license without consent[,] . . . without confirmation or without evidence of search dog that would [have] justified it." (*Id.*)

    Based on the facts alleged, Plaintiff asserts three claims under Section 1983: (1) violation of his Fourth Amendment right to be free from unreasonable searches and seizures; (2) violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-02449-MWF-KS                                                              Date: February 4, 2025

Title          *Nelson H. Romero v. San Bernardino County*

of his Fourteenth Amendment rights; and (3) violation of his due process rights due to the "County's failure provide adequate training to law enforcement resulting in a pattern of civil right abuses against residents." (*Id.* at 5.) Plaintiff asserts that "as a result of defendant violations of above civil rights, Plaintiff was harmed by experiencing emotional distress, loss of personal dignity, and fear for personal safety due to the unlawful search and seizure vehicle and arrested me just to drop me of[f] in the other side of the city . . . ." (*Id.*) Plaintiff requests the following relief: (1) $2,000,000 in damages for emotional distress, loss of dignity, and harm caused by defendant; (2) return of property, including his vehicle; (3) dismissal of any pending charges with prejudice; (4) any additional relief the Court deems just and proper. (*Id.* at 6.)

**DISCUSSION**

I.     **The Complaint Fails to State a Section 1983 Claim**

Allegations related to state court criminal proceedings generally do not state a colorable claim under Section 1983. *Hayes v. Barnum*, No. 1:24-cv-00185-BLW, 2024 U.S. Dist. LEXIS 141326, at *3 (D. Idaho Aug. 7, 2024). Thus, if Plaintiff's state criminal charges remain pending, then his claims in this action are likely barred under the doctrine of *Younger v. Harris*, 401 U.S. 37, 46 (1971). The *Younger* abstention doctrine prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. *See Hayes*, 2024 U.S. Dist. LEXIS 141326, at *4 ("[I]t is only in the most unusual of circumstances that a federal court may interfere in an ongoing state criminal matter or in a threatened state court prosecution."). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 U.S. Dist. LEXIS 42979, at *5 (E.D. Cal. Mar. 14, 2019).

On the other hand, if Plaintiff has been convicted of the charges against him, then his claims are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which states that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-87. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:24-cv-02449-MWF-KS                                            Date: February 4, 2025

Title      *Nelson H. Romero v. San Bernardino County*

issuance of a writ of habeas corpus." *Id.* A civil claim that implicates the validity of pending criminal charges does not accrue until the charges, or subsequent conviction, have been invalidated. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that *Heck* barred the plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Here, Plaintiff requests that the Court "dismiss any pending charges with prejudice ensuring they cannot be reopened in the future." (Dkt. No. 1 at 6.) Beyond that requested relief, it is unclear from the facts alleged whether Plaintiff's state criminal charges are still pending. **Thus, in any amended pleading, Plaintiff must disclose the status of his criminal charges and explain how any such charges relate to the claims alleged.**

## II.    The Complaint Fails to State a *Monell*[1] Claim

Plaintiff sues San Bernardino County, a municipal entity. (Dkt. No. 1 at 2-6.) A claim against a municipal entity requires the plaintiff to show that a constitutional violation was committed pursuant to a "formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation omitted); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The plaintiff must also show that the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

At no point does Plaintiff identify any *specific* policy, practice, or custom that would support a claim against the Defendant County. Moreover, the Complaint does not include specific factual allegations that support a plausible inference that any such policy, practice, or custom was the actual and proximate cause of his alleged constitutional deprivations. **Thus, in any amended pleading, Plaintiff must (1) specify a policy, practice, or custom that would support a *Monell* claim against San Bernardino County and (2) plead specific facts that would support an inference that any such policy, practice, or custom was the actual and proximate cause of the alleged constitutional violations.**

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-02449-MWF-KS                                                                 Date: February 4, 2025

Title         *Nelson H. Romero v. San Bernardino County*

**ORDER TO SHOW CAUSE**

      Based on the foregoing, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not recommend that this matter be dismissed under Federal Rule of Civil Procedure 12(b)(6).  To discharge this Order and proceed with this action, Plaintiff must file a First Amended Complaint curing the defects described above **no later than thirty (30) days from the date of this Order**.  If Plaintiff no longer wishes to pursue this action, in whole or in part, he may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

      In any amended pleading, Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.  Further, the First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to Plaintiff's earlier pleading, and claims that are not expressly included in the First Amended Complaint shall be deemed abandoned.  Plaintiff is strongly encouraged to utilize the Central District's standard civil rights complaint form for any amended pleading.

      Further, Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law.  Plaintiff shall also make clear the nature and grounds for each claim, specifically identify the individual defendants he maintains are liable for that claim, and clearly and concisely explain the factual and legal basis for their liability.

      **Plaintiff is advised that his failure to timely comply with this Order may result in a recommendation of dismissal.**

|  |  : |
|---|---|
| **Initials of Preparer** | gr |